**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Traci | Marie | St. Claire |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number: 21-21231-jrs
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ■ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ■ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ■ Not Incuded |

Debtor   Traci Marie St. Claire                          Case number   21-21231-jrs

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:    ■ 36 months        ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay  $1,925.00  per  month  for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date)*: | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
|  | _____ per ___ month |  |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

■ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____ , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4   Additional Payments.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

Debtor   Traci Marie St. Claire                                        Case number   21-21231-jrs

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| NewRez LLC d/b/a Shellpoint | 8390 Emerald Pointe Lane Gainesville, GA 30506 | $34,000.00 | 0 % | $570.00 |

**§ 3.2    Request for valuation of security and modification of certain undersecured claims.**

☒ **None.**  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3    Secured claims to be paid in full.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4    Lien avoidance.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5    Surrender of collateral.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __3.25__ %.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor    Traci Marie St. Claire                                    Case number  21-21231-jrs

| **Part 4:** | **Treatment of Fees and Priority Claims** |

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___4,700.00___.  The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___300.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e)   If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐  **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐  The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + | **Name and address of creditor**: | **Name and address of child support enforcement agency entitled to § 1302(d)(1) notice** | **Estimated amount of claim** | **Monthly plan payment** |
|---|---|---|---|---|
| - | | | | |

☒  The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | **Name and address of creditor**: | **Estimated amount of claim** |
|---|---|---|
| - | Internal Revenue Service | $7,842.94 |
| - | Georgia Department of Revenue | $2,596.03 |

### Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.**  If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.**  If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.

*Check one.*

☒ **None.**  If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**§ 7.1**  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

☐ **None.**  If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)**

8.1.1 - The "**Estimated amount of arrearage**" indicated for NewRez LLC d/b/a Shellpoint in Section 3.1 is based on the approximate arrears asserted by the creditor and is not an admission that such amounts are actually owed. Debtor asserts that such amounts are disputed and subject to offset and/or recoupment.

8.1.2 - In lieu of NewRez LLC d/b/a Shellpoint establishing and maintaining an escrow account, Debtor shall pay property taxes and insurance directly. Debtor shall deposit $150 per month in a savings account for this purpose. Debtor shall be responsible for paying all property expenses as they come due regardless of whether the $150 per month savings are sufficient for this purpose.

8.1.3 - Section 4.3 of this Chapter 13 plan (this "Plan") shall govern disbursement of attorney's fees, costs, and expenses. Debtors and Debtors' attorney, Jones & Walden LLC (the "Law Firm"), have agreed that the Law Firm's services will not be provided to Debtor on a flat-fee basis, but rather will be performed on an hourly fee basis. As such, the amount of attorney's fees to be paid in the case is undetermined. The Law Firm shall maintain records of the time and expenses expended and incurred in connection with the case, based on the customary and usual hourly

| Debtor | Traci Marie St. Claire | Case number | 21-21231-jrs |
|---|---|---|---|

billing rates of the attorneys of the firm, and the Law Firm may, from time to time, seek an award of compensation by filing an application with the Court pursuant to Bankruptcy Rule 2016.

The Law Firm shall serve all parties reflected on Debtors' mailing matrix with notice of any fee applications, thereby providing an opportunity to be heard on the reasonableness of any award. In the event that fees are approved by the Court, then such fees shall be disbursed by the Trustee to the Law Firm from the funds available that are paid into the office of the Trustee by Debtors or on Debtors' behalf. The Court shall be empowered to award the Law Firm any and all fees and expenses which are reasonably necessary to administer the case or otherwise represent the Debtors with respect to his legal affairs.

Debtors and Debtors' counsel estimate that unpaid fees, expenses, and costs in the amount of $4,700.00 will be required during this case. Section 4.3(c) of this Plan shall govern the disbursement of these fees upon confirmation. Pursuant to section 4.3(d), any attorney's fees, costs, or expenses allowed by the Bankruptcy Court and not paid upon confirmation of this Plan shall be paid to Debtors' counsel at a rate of $300.00 per month until such fees, costs, and expenses are paid in full. Pending allowance of the attorney's fees set forth in section 4.3(a) and in this section 8.1, the Chapter 13 Trustee will reserve funds otherwise payable to the Law Firm under section 2.6 of this Plan for disbursement of the reserved funds to the extent that such attorney's fees, expenses, and costs are allowed. Any funds reserved in excess of the allowed amounts shall be treated as a regular payment under section 2.2 of this Plan. Upon dismissal or conversion of this case, sections 4.3(e)-(h) shall apply, provided, however, that the Law Firm may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order for conversion.

## Part 9:  Signatures

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

X /s/ Traci Marie St. Claire
Signature of debtor 1 executed on  12/17/2021
                                    MM / DD / YYYY

8390 Emerald Pointe Lane, Gainesville, GA 30506
Address                              City, State, ZIP code

X
Signature of debtor 2 executed on
                                    MM / DD / YYYY

Address                              City, State, ZIP code


X /s/ Nathan Juster
Signature of attorney for debtor(s)

Jones & Walden LLC
Firm

Date: 12/17/2021
      MM / DD / YYYY

699 Piedmont Avenue NE, Atlanta, GA 30308
Address                              City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>**TRACI MARIE ST. CLAIRE,**<br><br>Debtor. | **CHAPTER 13**<br><br>**CASE NO. 21-21231-jrs** |

## CERTIFICATE OF SERVICE

This is to certify that on the date indicated below, the foregoing Chapter 13 Plan (the "Plan") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Plan to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Andrea Lynn Betts**   abetts@raslg.com
- **Nancy J. Whaley**   ecf@njwtrustee.com

I hereby certify that on the date indicated below I caused a true and correct copy of the foregoing Plan to be served upon the parties listed on the attached mailing matrix via U.S. First Class Mail, postage prepaid.

This 17th day of December, 2021.

**JONES & WALDEN LLC**

*/s/ Nathan T. Juster*
Nathan T. Juster
Georgia Bar No. 993962
Attorney for Debtor
699 Piedmont Avenue NE
Atlanta, Georgia 30308
(404) 564-9300
njuster@joneswalden.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-2<br>Case 21-21231-jrs<br>Northern District of Georgia<br>Gainesville<br>Fri Dec 17 15:39:36 EST 2021 | | Capital One<br>P.O. Box 70884<br>Charlotte, NC 28272-0884 |
| Capital One N.A.<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | (p)OFFICE OF THE ATTORNEY GENERAL OF GEORGIA<br>BUSINESS AND FINANCE BANKRUPTCY<br>40 CAPITOL SQUARE SW<br>ATLANTA GA 30334-9057 |
| Comenity Bank<br>P.O. Box 659728<br>San Antonio, TX 78265-9728 | Farm Bureau Mastercard<br>P.O. Box 33427<br>San Antonio, TX 78265-3427 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | John Johnson<br>8390 Emerald Pointe Lane<br>Gainesville, GA 30506-6750 | |
| NewRez LLC d/b/a Shellpoint<br>PO Box 10826<br>Greenville, SC 29603-0826 | Northside Hospital<br>1001 Summit Boulevard<br>Atlanta, GA 30319-6421 | |
| Padgett Law Group<br>6267 Old Water Oak Roa<br>Suite 203<br>Tallahassee, FL 32312-3858 | PayPal<br>215 South State Street<br>Suite 1000<br>Salt Lake City, UT 84111-2336 | Traci Marie St. Claire<br>8390 Emerald Point Lane<br>Gainesville, GA 30506-6750 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Synchrony Bank<br>Main Office Address<br>170 W. Election Rd, Suite 125<br>Draper, UT 84020-6425 | Synchrony Bank/Amazon<br>P.O. Box  960013<br>Orlando, FL 32896-0013 |
| Synchrony Bank/Belk<br>P.O. Box 965012<br>Orlando, FL 32896-5012 | Synchrony Bank/Lowes<br>Attn: Bankruptcy Dept<br>P.O. Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Paypal<br>P.O. Box 29110<br>Mission, KS 66201-5320 |
| Synchrony/CheapOair<br>P.O. Box 965002<br>Orlando, FL 32896-5002 | Synchrony/Mavis Tire<br>P.O. Box 960013<br>Orlando, FL 32896-0013 | |
| UPS<br>c/o Biehl & Biehl, Inc.<br>PO Box C87410<br>Carol Stream IL  60188 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | WebBank<br>215 South State Street<br>Suite 1000<br>Salt Lake City, UT 84111-2336 |