## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

IN RE:                        )        CHAPTER 13
TRACI MARIE ST. CLAIRE        )        CASE: G21-21231-JRS
                              )
                              )
DEBTOR                        )

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
## AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

### 1.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate that the tax return has not been filed for the period ending December 31, 2020. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

### 2.

The Trustee requests a copy of the Debtor's 2021 tax return in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

### 3.

Due to the developing issues with the COVID-19 virus and the national declaration of emergency by the President of the United States, the Meeting of Creditors held pursuant to 11 U.S.C. Section 341, for the instant case, was conducted telephonically. Without in-person contact the Trustee was unable to collect a properly completed and signed Debtor Questionnaire. The Debtor has also failed to file a completed Debtor Questionnaire prior to the 341 meeting of creditors with the Bankruptcy Court as requested by the Trustee. The Chapter 13 Trustee requests the Debtor file with the Bankruptcy Court a completed and signed questionnaire. A fillable pdf version of the questionnaire can be found at http://www.njwtrustee.com/wp-content/uploads/Debtor-Questionnaire1.pdf.

4.

The Trustee requests an accounting of the proceeds received from an estate transfer in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $760.66 in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

6.

The Trustee requests proof of funding of a tax escrow account pursuant to Schedule J which reflects a monthly real property tax payment obligation of $160.00 per month. 11 U.S.C. Section 1325(a)(6).

7.

Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the Debtor's current financial situation, thereby preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor has one (1) dependent.

8.

The Debtor's Schedule J reflects net income of $2,392.31 per month; however, Debtor's plan proposes to pay only $1,925.00 per month thus indicating a lack of good faith pursuant to 11 U.S.C. Sections 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

9.

Question #18 of Debtor's Statement of Financial Affairs is inaccurate and/or incomplete in violation of 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1).

10.

The Disclosure of Compensation of Attorney for Debtor fails to include a fee schedule reflecting the specific fees for designated tasks in the event additional fees are requested during the course of the Debtor's Chapter 13 plan. The failure to include the fee schedule does not properly comply with the Court's General Order No. 42-2020.

11.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 13th day of January, 2022.

Respectfully submitted,

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194

## CERTIFICATE OF SERVICE

Case No:  G21-21231-JRS

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

TRACI MARIE ST. CLAIRE
8390 EMERALD POINT LANE
GAINESVILLE, GA  30506

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

JONES & WALDEN LLC

This the 13th day of January, 2022.

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201