# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| IN RE: | |
|---|---|
| TRACI MARIE ST. CLAIRE, | CHAPTER 13 |
| Debtor. | CASE NO. 21-21231-jrs |

*Filed in U.S. Bankruptcy Court, Atlanta, Georgia*
*NOV - 2 2022*
*By: M. Regina Thomas, Clerk, Deputy Clerk*

## POST-CONFIRMATION MODIFICATION OF PLAN AND REQUEST FOR ITS APPROVAL

Traci St. Claire, Debtor, proposes to modify her confirmed Chapter 13 plan in this case as set forth below and requests that this modification be approved.

## MODIFICATION OF PLAN

Traci St. Claire, Debtor, hereby modifies her Chapter 13 Plan, which the Court confirmed on February 25, 2022, as follows:

Section § 2.1 was modified to extend the payment terms to 60 months from 36 months and to reduce the total amount of payments from $1925.00 to $471.95 (475) per month. The new payment amount excludes $577 in arrearages that are no longer being paid as a result of the approved mortgage loan modification and further excludes payment to creditors that did not file claims in this case.

The table below represents all monies owed to creditors and the basis of the amount of the new payment distribution that prompted this modification:

| WALDEN JONES | 4,700.00 |
|---|---|
| GEORGIA DEPARTMENT OF REVENUE - PRIORITY TAXES | 2,439.71 |
| INTERNAL REVENUE SERVICE - PRIORITY TAXES | 5,836.54 |
| BUREAUS INVESTMENT GROUP PORTFOLIO - UNSECURED | 1,412.40 |
| CAPITAL ONE BANK (USA), N.A. BY AME - UNSECURED | 4,689.35 |
| FARM BUREAU BANK - UNSECURED | 1,265.80 |
| GEORGIA DEPARTMENT OF REVENUE - UNSECURED TAXES | 72.85 |

| | |
|---|---:|
| INTERNAL REVENUE SERVICE - UNSECURED TAXES | 16,138.73 |
| KOHL'S - UNSECURED | 1,988.53 |
| PORTFOLIO RECOVERY ASSOCIATES LLC - UNSECURED | 2,593.76 |
| **TOTAL OWED** | **41,137.67** |
| **LESS PAYMENTS MADE TO DATE** | **17,540.00** |
| **NEW TOTAL** | **23,597.67** |
| **NEW TOTAL DIVIDED BY 50 (REMAINING MONTHS)** | **471.95** |

Section § 3.1 was modified to reflect the name of the mortgage creditor, amount of arrearage, interest on arrearage, and monthly payment on arrearage.

Section § 4.3 was modified to adjust the amounts of attorney fees being paid during the pendency of the case because Debtor is no longer represented by an attorney.

Section § 4.4 was modified to reflect the correct amounts of priority claims filed in this case.

Section § 8.1 was modified to remove nonstandard provisions relating to the mortgage and attorney's fees. The only remaining non-standard provision is updated as follows:

8.1 - Debtors and Debtors' counsel estimate that unpaid fees, expenses, and costs in the amount of $4,700.00 will be required during this case. Section 4.3(c) of this Plan shall govern the disbursement of these fees upon confirmation. Pursuant to section 4.3(d), any attorney's fees, costs, or expenses allowed by the Bankruptcy Court and not paid upon confirmation of this Plan shall be paid to Debtors' counsel at a rate of $300.00 per month until such fees, costs, and expenses are paid in full. Pending allowance of the attorney's fees set forth in section 4.3(a) and in this section 8.1, the Chapter 13 Trustee will reserve funds otherwise payable to the Law Firm under section 2.6 of this Plan

Wherefore, the debtor prays that this court issues its order confirming the debtor's Chapter 13 plan as modified.

RESPECTFULLY SUBMITTED, this 2nd day of November 2022.

*Traci St. Claire*

_____

By: Traci St. Claire Pro se
8390 Emerald Pointe Lane
Gainesville, GA 30506

Fill in this information to identify your case:

Debtor 1: Traci Marie St. Claire
(First Name / Middle Name / Last Name)

Debtor 2: _____
(Spouse, if filing) (First Name / Middle Name / Last Name)

United States Bankruptcy Court for the Northern District of Georgia

Case number: 21-21231-jrs
(if known)

Check if this is an amended plan, and list below the sections of the plan that have ☑ been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

§ 2.1, § 3.1, § 3.6, § 4.3, § 4.4, § 8.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ⬤ Included | ◯ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ⬤ Included | ◯ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ⬤ Included | ◯ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ⬤ Included | ◯ Not Incuded |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4     Page of

Traci Marie St. Claire                                              21-21231-jrs

§ 2.1 **Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ○ 36 months        ○ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay 472 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☑ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

|   | Beginning on *(insert date):* | The Regular Payment amount will change to *(insert amount):* | For the following reason *(insert reason for change):* |
|---|---|---|---|
| + |  |  |  |
| − | November 2022 | 472 per month | Debtor is no longer paying mortgage arrears through the plan, the amount of allowed Debtor is no longer paying mortgage arrears through the plan, the amount of allowed |

§ 2.2 **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

§ 2.3 **Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

§ 2.4 **Additional Payments.**

*Check one.*

☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) ("Additional Payments") to the trustee from other sources as specified below. *Describe the source, estimated amount, and date of each anticipated payment.*

§ 2.5 **[Intentionally omitted.]**

§ 2.6 **Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

Traci Marie St. Claire                                                                          21-21231-jrs

| Part 3: | Treatment of Secured Claims |

§ 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.
If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| | Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|---|
| + | | | | | |
| − | U.S. Bank Trust National Association ("Selene") | 8390 Emerald Pointe Lane, Gainesville, GA | 0 | 0 % | 0 |

§ 3.2 Request for valuation of security and modification of certain undersecured claims.

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.
For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.
For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.
The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.
The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| | Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|---|
| + | | | | | | | | | | |
| − | ☐ | | | | | | | % | | |

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                     Page of

Traci Marie St. Claire                                    21-21231-jrs

### § 3.3 Secured claims to be paid in full.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:
(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.
(3) the value of the collateral exceeds the anticipated claim; or
(4) the claim listed shall be paid in full because the claim is cosigned; or
(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
☐ These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.
The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.
The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
|  |  |  |  | % |  |  |

### § 3.4 Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens and/or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless the Bankruptcy Court orders otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the claim secured by the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the claim secured by the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor | Description of judicial lien or security interest | Description of property subject to judicial lien or security interest | Amount of lien or security interest |
|---|---|---|---|
| Amount avoided and treated as unsecured claim | Amount of remaining secured claim, if any | Interest rate, if applicable<br><br>% | Monthly payment on secured claim, if applicable |
| *Enter additional claims as needed* | | | |

### § 3.5 Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                Page  of

Traci Marie St. Claire                                       21-21231-jrs

The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in ☐ all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| +/- | Name of Creditor | Collateral |
|---|---|---|
| | | |

### § 3.6 Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __0__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.
If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.
The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

### § 4.1 General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2 Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3 Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ __4700__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ __$300__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ __N/A__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ __N/A__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees,

### § 4.4 Priority claims other than attorney's fees.

Traci Marie St. Claire                                                    21-21231-jrs

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| + | | | | |
| − | | | | |

◉ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| + | Internal Revenue Service | $5,836.54 |
| − | Georgia Department of Revenue | $2,439.71 |

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed directly by the debtor(s). The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| | Name of creditor | Estimated amount of arrearage | Monthly plan payment on arrearage |
|---|---|---|---|
| + | | | |
| − | | | |

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified. Each claim will receive pro rata payments as set forth in § 2.6. The unpaid balance will be paid in full, including interest at the rate stated below, if applicable.

| | Name of creditor | Basis for separate classification | Estimated amount of claim | Interest rate (if applicable) |
|---|---|---|---|---|
| + | | | | |
| − | | | | % |

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

Traci Marie St. Claire     21-21231-jrs

§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

Check one.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed Items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

|   | Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|---|
| + |   |   |   |   |
| – |   |   |   |   |

| Part 7: | Vesting of Property of the Estate |
|---|---|

§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | Nonstandard Plan Provisions |
|---|---|

§ 8.1 Check "None" or list Nonstandard Plan Provisions.

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

---

8.1 - Debtors and Debtors' counsel estimate that unpaid fees, expenses, and costs in the amount of $4,700.00 will be required during this case. Section 4.3(c) of this Plan shall govern the disbursement of these fees upon confirmation. Pursuant to section 4.3(d), any attorney's fees, costs, or expenses allowed by the Bankruptcy Court and not paid upon confirmation of this Plan shall be paid to Debtors' counsel at a rate of $300.00 per month until such fees, costs, and expenses are paid in full. Pending allowance of the attorney's fees set forth in section 4.3(a) and in this section 8.1, the Chapter 13 Trustee will reserve funds otherwise payable to the Law Firm under section 2.6 of this Plan for disbursement of the reserved funds to the extent that such attorney's fees, expenses, and costs are allowed. Any funds reserved in excess of the allowed amounts shall be treated as a regular payment under section 2.2 of this Plan. Upon dismissal or conversion of this case, sections 4.3(e)-(h) shall apply, provided, however, that the Law Firm may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order for conversion.

| Traci Marie St. Claire | 21-21231-jrs |
|---|---|

| Part 9: | Signatures |
|---|---|

§ 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

✘ /s/ Traci St. Claire

Signature of debtor 1 executed on  11/02/2022
                                   MM / DD / YYYY

8390 Emerald Pointe Lane, Gainesville, GA 30506

Address                            City, State, ZIP code

✘

Signature of attorney for debtor(s)

Firm

✘

Signature of debtor 2 executed on _____
                                   MM / DD / YYYY

Address                            City, State, ZIP code

Date: _____
      MM / DD / YYYY

Address                            City, State, ZIP code

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.