FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 JUL -1 AM 11: 07

VANIA S. ALLEN
CLERK

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-21231-jrs |
| TRACI MARIE ST. CLAIRE, | CHAPTER 13 |
| Movant. | |
| TRACI MARIE ST. CLAIRE, | |
| Movant, | |
| vs. | |
| COMPUTERSHARE DELAWARE TRUST COMPANY OWNER TRUSTEE FOR PRET 2025-RPL1 TRUST, SELENE FINANCE | CONTESTED MATTER! |
| Respondents | |

## MOTION TO DETERMINE FINAL CURE AND MORTGAGE STATUS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1(g)(4), AND FOR SANCTIONS UNDER RULE 3002.1(h)

COMES NOW the Movant, Traci St. Claire ("Movant"), by and through herself, pro se, and files this Motion to Determine Final Cure, Mortgage Status, and for Sanctions pursuant to Federal Rule of Bankruptcy Procedure 3002.1(g)(4) and (h), in response to the Response to Notice of Final Cure Payment ("Response"), filed on Official Form 410C13-NR by Computershare Delaware

1

Trust Company, as Owner Trustee for PRET 2025-RPL1 Trust ("Owner"), serviced by Selene Finance LP ("Selene") (collectively, "Respondents"), filed on May 20, 2026, and amended on June 30, 2026. In support of this Motion, Movant respectfully shows the Court as follows:

## BACKGROUND

Rule 3002.1 was implemented in 2011 to curtail the systematic abuse of movants seeking a fresh start after emerging from a Chapter 13. Most recently, the explicit, codified requirement to attach a full itemized ledger directly to the end-of-case response was formalized nationwide through the major rule overhaul that took effect on **December 1, 2025**.

Movant filed her voluntary petition under Chapter 13 of the Bankruptcy Code, and her plan was confirmed on February 25, 2022. Her confirmed plan provided for the full cure of any pre-petition arrearage and the maintenance of regular post-petition monthly mortgage payments to Selene. Her mortgage was modified on July 11, 2022, and her modified plan was confirmed on August 17, 2022. Movant paid the plan off early and received a discharge on Apr 22, 2026.

Throughout this bankruptcy case, Movant has made repeated inquiries to Selene about potential errors in the application of Plaintiff's payments, requesting on multiple occasions a payment history or explanation of the amounts and dates due on the periodic statements provided. The first Response made, if in error, was beyond careless. Claiming under penalty of perjury that the Movant is in default and choosing to attach a nonsensical itemized statement to support that is not only insensitive, but it is a direct violation of the requirements provided for under 11 U.S.C. § 1322(b)(5), Rule 3002.1(g)(3).

On May 30, 2026, I served a Safe Harbor Letter and Rule 9011 Motions for Sanctions to the attorney-in-fact for the Owner via First Class Priority Mail. commencing the twenty-one (21) day safe-harbor period required before such a motion may be filed. This Motion does not itself seek sanctions under Rule 9011; any such motion, if warranted, will be filed separately upon expiration of the safe-harbor period.

Selene supplied the payoff statement attached to the Owner's response. Yet, according to a conversation with Selene on June 12, 2026, the loan is current, has never been late, and there is no additional interest owed.

On June 30, 2026, the Owner Trustee filed an amended Response on Form 410C13-NR. This amendment sought to address the errors in Respondent's previous Response but only added to Plaintiff's confusion as it attached an unverified payoff statement, and erroneously asserted that the next post-petition payment due is August 1, 2026. Movant routinely exercises the contractually permitted fifteen (15) day grace period; as of the June 30, 2026 filing, the July 1, 2026 payment was not yet due or tendered. Respondents' assertion of an August 1, 2026 due date before the July payment cycle had closed indicates that Respondents' internal ledger does not reflect a contemporaneous, accurate accounting of the loan.

## ARGUMENT

Upon information and belief, the new Response seeks to specifically avoid attachment of the itemized ledger required under Rule 3002.1(g)(3).

Because Respondents' accounting cannot presently be verified as accurate, and in light of Selene's history of alleged misapplication of payments during this

3

bankruptcy, the Court should order Respondents to produce a clear, legible, itemized ledger accounting for all payments made during the case, including payments disbursed through the Chapter 13 Trustee.

Movant further notes that in *Bivens v. NewRez LLC (In re Bivens), 625 B.R. 843 (Bankr. M.D.N.C. 2021)*, the mortgage servicer and trust were alleged to have filed inaccurate Rule 3002.1 filings and thereafter pursued foreclosure after the movant's bankruptcy case had been administratively closed. Movant cites this matter to illustrate the risk of harm where a servicer's accounting cannot be verified through a compliant, itemized ledger.

Movant is concerned that, given the affiliated relationship among Respondents which Movant believes extends beyond an ordinary agent-principal relationship, the loan is being prepared for foreclosure. Movant notes that Robertson, Anschutz, Schneid, Crane & Partners, PLLC, counsel of record for the Respondents, advertises mortgage foreclosure sale listings on its website. More importantly, Pretium is the sponsor and asset manager of the PRET 2025-RPL1 Trust, which also acquired Selene Finance on November 4, 2019.

Based on the facts outlined above, I respectfully request the following:

(1) Enter an order for accounting and attachment requiring the Respondents to prove to this court a full accounting of the mortgage to include all payments made, including those of the Trustee;

(2) Enter an Order pursuant to Fed. R. Bankr. P. 3002.1(h) declaring the mortgage loan fully cured, current, and free of any outstanding fees, charges, pre/post-petition arrearages, including additional interest;

4

(3) Preclude the Owner and Selene, and any future assignees or mortgage servicer from presenting the same information, in any form, as evidence in any contested matter or adversary proceedings;

(4) Award the Movant actual damages, including administrative expenses and costs incurred in bringing this Motion; and

(5) Grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this 1st day of July, 2026.

Traci St. Claire

By:  Traci St. Claire Pro se
8390 Emerald Pointe Lane
Gainesville, GA 30506

Official Form 410C13-M2 (12/25)

**United States Bankruptcy Court**
**Northern District of Georgia**

In re Traci Marie St. Claire, Debtor          Case No. 21-21231-jrs
                                              Chapter 13

### Motion Under Rule 3002.1(g)(4) to Determine Final Cure and Payment of the Mortgage Claim

The debtor states as follows:

1. The following information relates to the mortgage claim at issue:

**Name of Claim Holder**: Computershare Delaware Trust Company Owner Trustee for

PRET 2025-RPL1 Trust          **Court claim no.** (if known): 1

**Last 4 digits of any number used to identify the debtor's account:** 3667

**Property address:** 8390 Emerald Pointe Lane

| Gainesville | GA | 30506 |
|---|---|---|
| City | State | ZIP Code |

2. As of the date of this motion, I have disbursed payments to cure arrearages as follows:

   a. Allowed amount of the prepetition arrearage, if any:                $37,407.40

   b. Total amount of the prepetition arrearage disbursed, if known:      $9,357.00

   c. Allowed amount of postpetition arrearage, if any:                   $0.00

   d. Total amount of postpetition arrearage disbursed, if known:         $0.00/Unknown

   e. Total amount of arrearages disbursed                                $37,407.40

3. As of the date of this motion, I have disbursed payments for postpetition fees, expenses, and charges as follows:

   a. Amount of postpetition fees, expenses, and charges
      noticed under Rule 3002.1(c) and not disallowed:                    $0.00/Unknown

   b. Amount of postpetition fees, expenses, and charges
      disbursed                                                           $0.00/Unknown

Official Form 410C13-M2 (12/25)

4. As of the date of this motion, I have made the following          $44,661.82
   payments on the postpetition obligation:

5. Please see attached: DEBTOR'S MOTION TO DETERMINE FINAL CURE AND
MORTGAGE STATUS PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 3002.1(g)(4), AND FOR SANCTIONS UNDER RULE 3002.1(h)

6. I ask the court for an order under Rule 3002.1(g)(4) determining whether the debtor
has cured all arrearages, if any, and paid all postpetition amounts required by the plan
to be made as of the date of this motion.

Signed:     _____
            (Trustee/Debtor)

Date:       7/1/2026

Address:    8390                        Emerald Pointe Lane
            Number                      Street

            Gainesville                 GA              30506
            City                        State           ZIP Code

Contact phone (404) 606-3021                    Email: tracistclaire@gmail.com

Official Form 410C13-M2 (12/25)        Motion to Determine Final Cure and Payment        page 2

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

IN RE:

**TRACI MARIE ST. CLAIRE,**

      Movant.

**CASE NO. 21-21231-jrs**

**CHAPTER 13**

**TRACI MARIE ST. CLAIRE,**

      Movant,

vs.

**COMPUTERSHARE DELAWARE
TRUST COMPANY OWNER
TRUSTEE FOR PRET 2025-RPL1
TRUST, SELENE FINANCE**

**CONTESTED MATTER!**

      Respondents

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed the foregoing MOTION TO DETERMINE FINAL CURE AND MORTGAGE STATUS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1(g)(4), AND FOR SANCTIONS UNDER RULE 3002.1(h) by U.S. Mail on the following:

Willie B. Smith
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
13010 Morris Rd., Suite 450
Alpharetta, GA 30004

Selene Finance LP
c/o Registered Agent:
Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

Page 1 of 2

Respectfully submitted this 1st day of July, 2026.

Traci St. Claire
8390 Emerald Pointe Ln.
Gainesville, GA 30506
tracistclaire@gmail.com

Page 2 of 2