**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 21-21231-jrs** |
| **TRACI MARIE ST. CLAIRE,** | **CHAPTER 13** |
| Movant. | |
| **TRACI MARIE ST. CLAIRE,** | |
| Movant, | |
| vs. | |
| **COMPUTERSHARE DELAWARE TRUST COMPANY OWNER TRUSTEE FOR PRET 2025-RPL1 TRUST, SELENE FINANCE** | **CONTESTED MATTER!** |
| Respondents | |

## AMENDED MOTION TO DETERMINE FINAL CURE AND MORTGAGE STATUS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1(g)(4), AND FOR SANCTIONS UNDER RULE 3002.1(h) AND 11 U.S.C. § 105(a)

COMES NOW Movant Traci St. Claire, proceeding pro se, and files this Amended Motion to Determine Final Cure, Mortgage Status, and for Sanctions pursuant to Federal Rules of Bankruptcy Procedure 3002.1(g)(4) and (h).

This First Amended Motion amends and replaces in its entirety the Motion filed on July 1, 2026 at Docket Number 72.

This Motion is filed in response to the Response to Notice of Final Cure Payment (Official Form 410C13-NR) filed by Computershare Delaware Trust

Company, as Owner Trustee for PRET 2025-RPL1 Trust ("Owner"), whose mortgage loan is serviced by Selene Finance LP ("Selene") (Owner and Selene collectively referred to herein as "Respondents"). Respondents filed their ("initial Response") on May 20, 2026, and filed an ("Amended Response") on June 30, 2026. In support of this Motion, Movant respectfully states as follows:

## BACKGROUND

Movant filed her voluntary petition under Chapter 13 of the Bankruptcy Code, and her plan was confirmed on February 25, 2022. Her confirmed plan provided for the full cure of any pre-petition arrearage and the maintenance of regular post-petition monthly mortgage payments to Selene. Her mortgage was modified on July 11, 2022, and her modified plan was confirmed on August 17, 2022. Movant paid the plan off early and received a discharge on Apr 22, 2026.

Bankruptcy Rule 3002.1(g)(3) requires a mortgage creditor to file a response within 28 days after service of the trustee's "End-of-Case Notice of Disbursements Made". The claim holder must indicate whether the debtor has paid the full amount required to cure any arrearage and whether the debtor is current on all postpetition payments. It must also provide a payoff statement. If the claim holder says that the debtor is not current on all payments, it must attach an itemized payment history for the postpetition period. The response, which is not subject to Rule 3001(f), must be filed as a supplement to the claim holder's proof of claim.

To date, Respondents have submitted the following:

1. On May 20, 2026, Computershare filed a false Official Form 410C13-NR without providing the required historical payment ledger. The Initial Response further claimed the following:

a. The total amount received to cure any arrearages as of the date of this response: $0.00

b. The amount required to cure the postpetition arrearage has not been paid in full. Amount of postpetition arrearage remaining unpaid as of the date of this response: $2,336.43

c. The debtor is not current on all postpetition payments. The claim holder asserts that the debtor is obligated for the postpetition payment(s) that first became due on: 03/01/2026.

d. Date last payment was received on the mortgage: 04/15/2026

e. Date next postpetition payment from the debtor is due: 03/01/2026

f. Unpaid principal balance of the loan: $117,878.29

g. Additional amounts due for any deferred or accrued interest: $2,126.12

h. Balance of the escrow account: $549.45

i. Balance of unapplied funds or funds held in a suspense account: $550.44.

2. On June 30, 2026, Computershare filed an Amended Official Form 410C13-NR that was also false and made the following claims:

a. The total amount received to cure any arrearages as of the date of this response: $41,123.83

3

b. The amount required to cure the postpetition arrearage has not been paid in full. Amount of postpetition arrearage remaining unpaid as of the date of this response:

c. The debtor is not current on all postpetition payments. The claim holder asserts that the debtor is obligated for the postpetition payment(s) that first became due on:

d. Date last payment was received on the mortgage: 06/15/2026

e. Date next postpetition payment from the debtor is due: 08/01/2026

f. Unpaid principal balance of the loan: $116,891.95

g. Additional amounts due for any deferred or accrued interest: $368.29

h. Balance of the escrow account: $1926.95

i. Balance of unapplied funds or funds held in a suspense account: $94.12

The first Response was beyond careless. Claiming under penalty of perjury that the Movant is in default and attaching a nonsensical itemized statement to support it is a direct violation of the requirements outlined in 11 U.S.C. § 1322(b)(5) and Rule 3002.1(g)(3). When Movant attempted to reach the attorney who filed the form via email, she soon realized he had blocked her from emailing him. These actions, along with the Response, created stress and confusion and affected Movant's health and well-being, causing her to lose several nights' sleep.

4

On May 30, 2026, Movant served a Safe Harbor Letter and Rule 9011 Motions for Sanctions on the attorney-in-fact for the Owner via First-Class Priority Mail, commencing the twenty-one (21) day safe-harbor period required before such a motion may be filed. The letter was signed for on June 1, 2026. The letter, Motion, and delivery receipt are attached hereto as **Exhibit A.**

Selene supplied the payoff statement attached to the Owner's Initial Response. Yet, according to a conversation with Selene on June 12, 2026, the loan is current, has never been late, and there is no additional interest owed.

The Amended Response, filed after the safe-harbor period, appears to address the deficiencies in the initial response but has only added to Movant's stress and confusion as it erroneously asserted a total amount received to cure any arrearages as of the date of $41,123.83 which is physically impossible given that the total pre-petition arrearage in the original proof of claim was only $37,407.40, and those arrearages had already been resolved through a court-approved loan modification.

It further asserted the next post-petition payment due is August 1, 2026. Movant routinely exercises the contractually permitted fifteen (15) day grace period; as of the June 30, 2026 filing, the July 1, 2026 payment was not yet due or tendered. Respondents' assertion of an August 1, 2026 due date before the July payment cycle had closed indicates that Respondents' internal ledger does not reflect a contemporaneous, accurate accounting of the loan.

Throughout this bankruptcy case, Movant has made repeated inquiries to Selene about potential errors in the application of Movant's payments, requesting on multiple occasions a payment history or explanation of the amounts and dates due on the periodic statements provided and has not received the requested items or a clear explanation.

5

## ARGUMENT

Rule 3002.1 was enacted to eliminate the recurring practice of mortgage creditors withholding or inadequately disclosing payment changes, fees, charges, and alleged defaults until after a Chapter 13 debtor had completed plan payments, thereby frustrating the debtor's statutory fresh start. The nationwide amendments effective December 1, 2025, reinforced that objective by requiring a creditor claiming that a debtor remains delinquent at the conclusion of the case to provide a complete, itemized accounting supported by the loan payment history prescribed by the amended Official Forms. Because a Rule 3002.1(g) response is filed merely as a supplement to the proof of claim, it is expressly excluded from the prima facie evidentiary presumption of Rule 3001(f), leaving the creditor to prove the accuracy and validity of its asserted default with competent evidence.

The purpose of Movant's request is to ensure that the Court, the Debtor, and the mortgage creditor have an accurate and final understanding of the status of the mortgage obligation. The consequences of accepting an unsupported or inaccurate Rule 3002.1 determination are significant. As illustrated in *Bivens v. NewRez LLC*, inaccurate mortgage servicing records and conflicting representations regarding the status of a mortgage obligation can result in post-bankruptcy disputes, including attempts to enforce rights that are inconsistent with the debtor's bankruptcy protections.

Respondents presented the Court with inconsistent representations concerning the status of the mortgage obligation. The first response asserted a delinquency unsupported by a comprehensible accounting. The subsequent response reversed that position and represented that the loan was current, yet failed

6

to provide the documentation necessary to reconcile the conflicting positions. This sequence raises concerns regarding whether Respondents exercised reasonable diligence before submitting information affecting the Debtor's fresh start and the Court's administration of the Chapter 13 case.

Movant notes that in *Bivens v. NewRez LLC (In re Bivens), 625 B.R. 843 (Bankr. M.D.N.C. 2021)*, the mortgage servicer and trust were alleged to have filed inaccurate Rule 3002.1 filings and thereafter pursued foreclosure after the movant's bankruptcy case had been administratively closed. Movant cites this matter to illustrate the risk of harm where a servicer's accounting cannot be verified through a compliant, itemized ledger.

Courts have inherent authority and authority under § 105(a) to order a full accounting of a mortgage loan where, as here, the servicer's records are defective, illegible, or suspected to be inaccurate. See In re Stewart, 391 B.R. 327 (Bankr. E.D. La. 2008). Without a court-ordered accounting, Movant cannot verify whether Trustee disbursements have been properly credited, whether the loan balance is accurate, or whether additional undisclosed charges may exist.

Bivens reinforces the necessity of this relief. Because defective ledger records travel with the loan through servicing transfers and can produce cascading violations years after the transfer, including a Notice of Default served the day after discharge, as occurred in Bivens, a complete, verified accounting is the only means of establishing a clean and accurate baseline for the final cure determination under Rule 3002.1(h).

In addition, Section 105(a) of the Bankruptcy Code empowers this Court to issue any order necessary or appropriate to carry out the provisions of this title. Courts have consistently held that § 105(a) and the court's inherent authority

support punitive sanctions to enforce compliance with the Code and the Federal Rules. See In re Charbono, 790 F.3d 80, 87 (1st Cir. 2015); Isaacson v. Manty, 721 F.3d 533, 538–39 (8th Cir. 2013); Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991).

For example, *In re Porto*, 645 F.3d 1294 (11th Cir. 2011) The 11th Circuit explicitly held that 11 U.S.C. § 105(a) imbues bankruptcy courts with the inherent power to sanction attorney misconduct. The court ruled that to issue sanctions under its inherent authority, the judge must find either bad faith or "conduct tantamount to bad faith," which includes recklessness coupled with an improper purpose, harassment, or frivolousness.

Although the Respondent late-filed a corrected claim, this Court retains the inherent authority under 11 U.S.C. § 105(a) to police the conduct of attorneys practicing before it, as established by the Eleventh Circuit in In re Porto. Sanctions under a court's inherent authority are warranted when a party's conduct is 'tantamount to bad faith,' which includes recklessness exacerbated by frivolousness or harassment. Here, the attorney filed Form 410C13-NR under penalty of perjury without verifying the math, intentionally blocked the Movant's email communications, and willfully ignored a 21-day safe harbor notice. This represents an egregious, reckless disregard for federal procedure.

Movant is further concerned that Respondents' coordinated conduct may reflect more than a routine servicer-investor relationship. Publicly available information reflects that Pretium Partners acquired Selene Holdings LLC in November 2019, placing Selene Finance within the Pretium corporate structure. Movant further understands that Pretium serves as sponsor and asset manager of the PRET 2025-RPL1 Trust. These overlapping corporate relationships raise

8

legitimate concerns that servicing, ownership, and litigation decisions may be coordinated among affiliated entities rather than made independently.

Movant further notes that Respondents are represented by Robertson, Anschutz, Schneid, Crane & Partners, PLLC, a law firm that regularly represents mortgage creditors in foreclosure proceedings. While the firm's foreclosure practice alone does not establish that foreclosure is imminent, when considered together with the affiliated relationships among the parties and the circumstances presented in this case, it contributes to Movant's concern that the loan may be positioned for foreclosure before the disputes raised herein are adjudicated.

Based on the facts outlined above, I respectfully request the following:

(1) Enter an order for accounting and attachment requiring the Respondents to prove to this court a full accounting of the mortgage to include all payments made, including payments made by the Trustee;

(2) Enter an Order pursuant to Fed. R. Bankr. P. 3002.1(h) declaring the mortgage loan fully cured, current, and free of any outstanding fees, charges, pre/post-petition arrearages, including additional interest;

(3) Preclude the Owner and Selene, and any future assignees or mortgage servicer from presenting the same information, in any form, as evidence in any contested matter or adversary proceedings;

(4) Award the Movant actual damages, including administrative expenses and costs incurred in bringing this Motion; and

(5) Grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this 15th day of July, 2026.

Traci St. Claire

By: Traci St. Claire Pro se
8390 Emerald Pointe Lane
Gainesville, GA 30506

# EXHIBIT A

Case 21-21231-jrs   Doc 74-1   Filed 07/15/26   Entered 07/15/26 13:54:38   Desc
Correct Amended Motion    Page 11 of 16

**UNITED STATES
POSTAL SERVICE ®**

June 02, 2026

Dear Traci M St Claire:

The following is in response to your request for proof of delivery on your item with the tracking number:
**4203 0004 2001 9410 8301 0935 5009 8292 06.**

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | June 01, 2026, 11:57 am |
| **Location:** | ALPHARETTA, GA 30004 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Signature Confirmation™ |
| | Up to $100 insurance included |
| **Recipient Name:** | Willie Smith |
| **Actual Recipient Name:** | S AFROZ |

Note: Actual Recipient Name may vary if the intended recipient is not available at the time of delivery.

## Shipment Details

| | |
|---|---|
| **Weight:** | 1lb, 0.0oz |

## Recipient Signature

**Signature of Recipient:** *Shadia*

**Address of Recipient:** 13010 MORRIS RD STE 450, ALPHARETTA, GA 30004

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

May 30, 2026

Willie B. Smith
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
13010 Morris Rd., Suite 450
Alpharetta, GA 30004

Via email to wissmith@rasig.com and USPS – 9410830109355009829206

RE: Loan No: 2004994393

Mr. Smith,

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(A), this letter and the enclosed unfiled Motion for Sanctions serve as formal notice that the "Response to Trustee's Notice of Disbursements Made" (Official Form 410C13-NR) filed by your office on behalf of Computershare Delaware Trust Company, Owner Trustee for Pret 2025-RPL1 Trust on May 20, 2026, violates FRBP 9011(b). Specifically, the filing contains false certification and factual inaccuracies regarding the status of the mortgage claim.

The form stated that I missed the March 1, 2026, payment, which is patently false. In addition, the form stated that I owed post-petition interest of $2336.43; however, the required itemized statement contained three columns of broken references (#REF!) and no history beyond 9/17/25. This is beyond unacceptable. Further, Selene Finance LLP, the sub-servicer contracted to service the loan, has faced a history of putative class action lawsuits and consumer complaints, primarily concerning its mortgage servicing practices, loan modifications, and debt collection notices. The litigation primarily centers on deceptive practices, illegal fees, and violations of the Fair Debt Collection Practices Act (FDCPA). As holder of the Master Serving Agreement, the owner trustee can be held vicariously liable.

1

This false certification follows a multi-year pattern of systemic accounting errors by Selene that I've attempted to address with official notices of Error and Requests and Requests for information, which were ignored. These Qualified Written Requests were sent on October 24, 2023, November 9, 2023, and February 14, 2024.

In addition, I've made numerous telephonic inquiries in an attempt to try to avoid litigation with Selene, having been through approximately seven years of litigation with Ditech Financial and then New Rez/Shellpoint, much of which was the reason for this bankruptcy. As an autistic individual, the stress of this is especially traumatic for me. I was recently diagnosed with Post-Traumatic Stress Disorder, and receiving this erroneous form brought back the horrible memories of my dealings with Ditech and all of the lies and manipulation I experienced trying to get my loan corrected through them.

Pursuant to the Safe Harbor provision of Rule 9011(c)(1)(A), you have twenty-one (21) days from the date of service of this notice to withdraw or appropriately correct the challenged Official Form 410C13-NR. If the non-compliant document is not withdrawn or corrected within twenty-one (21) days, the enclosed Motion for Sanctions will be filed with the United States Bankruptcy Court without further notice. At that time, I will seek all available remedies, including an order striking the non-compliant response, an order deeming the loan fully current, and an award of actual expenses/damages incurred as a direct result of this violation.

Sincerely,

Traci St. Claire

2

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

IN RE:

**TRACI MARIE ST. CLAIRE,**

Movant.

**CASE NO. 21-21231-jrs**

**CHAPTER 13**

---

**TRACI MARIE ST. CLAIRE,**

Movant,

vs.

**COMPUTERSHARE DELAWARE TRUST COMPANY OWNER TRUSTEE FOR PRET 2025-RPL1 TRUST, SELENE FINANCE**

**CONTESTED MATTER!**

Respondents

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed the foregoing MOTION TO DETERMINE FINAL CURE AND MORTGAGE STATUS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1(g)(4), AND FOR SANCTIONS UNDER RULE 3002.1(h) by U.S. Mail on the following:

Willie B. Smith
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
13010 Morris Rd., Suite 450
Alpharetta, GA 30004

Selene Finance LP
c/o Registered Agent:
Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

Page 1 of 2

Respectfully submitted this 16th day of July, 2026.

Traci St. Claire

_____
Traci St. Claire
8390 Emerald Pointe Ln.
Gainesville, GA 30506
tracistclaire@gmail.com